Chester *v.* Halliard.

JAMES CHESTER

*v.*

JOHN HALLIARD et al.

In a bill filed by certain depositors of an insolvent savings bank (for which a receiver had been appointed), on behalf of themselves and such other depositors as might choose to join therein, against certain of the managers of the bank to compel the payment of so much of complainant's deposits as they may not realize out of the assets of the bank, two grounds of relief are set up : first, fraudulent public misrepresentations by the defendants, which induced complainants to become and remain depositors, and, second, culpable mismanagement of the bank's funds.

On demurrer for misjoinder and non-joinder—*Held,*

(1) That complainants cannot sue jointly for the misrepresentation, although it was general in character and addressed to the public ; but they may, for the mismanagement.

(2) That suit should primarily be brought by the bank, but if it cannot or will not sue, then the depositors may proceed, but since the damages recovered would be assets of the bank, it or its receiver is a necessary party.

Bill for relief. On general demurrer.

*Mr. P. Bentley, Mr. J. B. Vredenburgh* and *Mr. C. L. Corbin,* for demurrants.

*Mr. John Linn,* for complainants.

THE CHANCELLOR:

The bill is filed by certain depositors of the Mechanics and Laborers Savings Bank (of Jersey City) in behalf of themselves and such other depositors as may choose to join with them, against certain of the managers. The object is to compel payment by the defendants to the complainants respectively of so much of the amounts due them respectively from the bank as they shall fail to realize out of its assets. The ground of the claim is fraudulent misrepresentation by the defendants, by which the complainants were induced to become and remain depositors to their damage, and culpable mismanagement of the funds. On those heads the bill contains explicit and sufficient averments. The institution is insolvent, and on appropriate proceedings has been so declared and a receiver appointed. The defendants demur on the ground of misjoinder and nonjoinder. They insist that the complainants cannot sue jointly, but must sue separately, and that even if they can sue jointly, the bank or the receiver is a necessary party. The second proposition is true, and so is the first, so far as the charge of misrepresentation is concerned. The complainants cannot sue jointly for relief on that ground. Their claims are distinct and individual, and each must sue for himself. *Hinchman* v. *Paterson H. R. Co., 2 C. E. Gr. 75; Jones* v. *Del Rio, 1 T. & R. 297; Story's Eq. Pl. § 279.* Nor does the fact that the misrepresentation was general in its character and addressed to the public at large change the situation or affect the rights of the parties in that respect, and enable the complainants to sue jointly. But as to the charge of mismanagement, the case is different, and the complainants can sue jointly. The defendants are liable to the corporation, whose agents they were, for any breach of the trust committed to their hands, and the corporation is primarily the proper party to bring suit for relief in the premises, if it will do so. Any damages

Chester v. Halliard.

which may be recovered in such suit would be assets of the corporation, for they would be awarded as, and intended to be compensation for, loss sustained by the institution. But if the corporation will not or cannot sue, its stockholders or others interested in its funds diminished by the alleged mismanagement may sue in their own names. See the cases cited in *Thompson on the Liability of Officers and Agents of Corp. 391, 392, 393.* One of the stockholders may sue or two or more may join. The complainants are interested, though to different extents, as depositors in the fund which, through the fraudulent mismanagement of the defendants, has been wasted. They are all interested in the recovery, but they are interested through the corporation, which is the entity which represents the interest of all the creditors. The defendants have the right to have the question of fraud tried once for all in one suit, and to be protected against a multiplicity of suits. When the recovery shall have been had, the damages will be paid over to the corporation; in this case to its representative, the receiver. There are obvious reasons why the bill in its present form, exhibited as it is for the sole benefit of the complainants and such other depositors as may join them, cannot be entertained. Apart from other considerations, to permit each depositor, or any number of them less than the whole, to sue for themselves on their own account, would be practically, if there were a recovery, to take the money of one *cestui que trust* to pay the claim of another, for the wasted funds in fact belonged not to the suing depositor or depositors alone, but to them and other depositors and the other creditors of the corporation, and the damages should go in like manner. There may be debts entitled to preference over the claims of the depositors, and it would manifestly be unjust to the holders of such claims as it would to the non-joining depositors to ignore their rights by giving to the depositors or stockholders prosecuting the suit the avails of the recovery as the reward of their diligence. It appears from the bill that the corporation is insolvent and in liquidation under the authority of this court. It is, therefore, not necessary, in order to authorize the maintenance of the suit by the complainants, that they should aver that the

corporation has failed or refused to bring the suit, but the receiver should be made a party defendant. The demurrer will be allowed.